Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3939 | **DATE** | 6/5/2012 |
| **CASE TITLE** | Deveaux v. University of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner Clarinda Deveaux's petition [4] to proceed *in forma pauperis* and her motion [5] for appointment of counsel are denied without prejudice.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Petitioner Clarinda Deveaux ("Deveaux") seeks leave to file *in forma pauperis* her complaint against the University of Chicago, Lionette Bursey ("Bursey"), Dagene Brown ("Brown"), Wanda Taylor ("Taylor"), Yulanda Jones ("Jones") and Shaz Rasul ("Rasul"). Against the University of Chicago, Deveaux asserts claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Against the individual defendants (who cannot be sued under Title VII), plaintiff asserts a tort claim for interference with her contractual relationship with the University of Chicago.

Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that she is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court considers whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324.

The Court finds that Deveaux has not sufficiently demonstrated that she is impoverished within the meaning of the statute, because she has failed to answer all of the questions on the *in forma pauperis* application and financial affidavit. Specifically, Deveaux failed to answer parts a., b., c., d., e. and g. of question 4, which asks for information about the income (including wages, salary, business, self-employment, rental, interest, dividends, pensions, social security, annuities, life insurance, disability, workers' compensation, alimony, child support, gifts, inheritances and any other type) received by the applicant or anyone with whom the applicant shares a residence. Without this information, the Court cannot determine whether Deveaux is sufficiently impoverished within the meaning of the statute to qualify to proceed *in forma pauperis*. Accordingly, Deveaux's petition is denied without prejudice to her right to file a new, complete petition. (The statute of limitations will continue to run until she either files a new petition or pays the filing fee.)

| **STATEMENT** |
|---|
|     Because the Court is denying Deveaux's petition to proceed *in forma pauperis*, the Court also denies without prejudice her motion for appointment of counsel. |